UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FINTAN VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LARGO, FLORIDA, a Florida municipal corporation, and OFFICER THOMAS DISNEY (#507), in his individual capacity,<br><br>Defendants. | Case No.: 8:22-cv-849 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FINTAN VARGAS, sues Defendants CITY OF LARGO, FLORIDA, and OFFICER THOMAS DISNEY (#507), and alleges:

## PARTIES

1. The Plaintiff, FINTAN VARGAS (hereinafter, the "Plaintiff") is a natural person and resident of Pinellas County, Florida.

2. Defendant, CITY OF LARGO, FLORIDA, (hereinafter, "City of Largo") is a Florida municipal corporation.

3. Defendant, OFFICER THOMAS DISNEY (#507) (hereinafter, "Disney") is a police officer with the Largo Police Department and at all times

material hereto was acting under color of state law and within the course and scope of his duties with the Largo Police Department and the customs and policies of the City of Largo. He is sued in his individual capacity in Count III only.

## VENUE AND JURISDICTION

4. This is an action for damages that exceed $75,000.00, exclusive of interest, attorney fees, and costs.

5. All actions and/or omissions by the Defendants giving rise to all claims contained in herein occurred in Pinellas County, Florida.

6. This Court has jurisdiction over the declaratory judgment claim pursuant to §86.011 Fla. Stat.

7. The Plaintiff has complied with any and all conditions precedent to the filing of this Complaint by sending the City of Largo a certified letter informing it of the Plaintiff's intent to initiate litigation under Florida Statute § 768.28 dated August 31, 2021, with a copy to the Department of Financial Services.

## FACTS COMMON TO ALL COUNTS

8. On or about February 18, 2020, the Plaintiff was the victim of a road rage incident when another driver in a truck cut him off in a Home Depot parking lot located at 10689 Ulmerton Road, in Largo, Florida. The other driver, who was also the aggressor, called the Largo Police Department.

9. On or about February 18, 2020, in Largo, Florida, Disney arrived on

scene and began interviewing the parties, as part of the investigation of the alleged road rage incident.

10. The Plaintiff informed the officer that the Plaintiff was using his phone to record their interactions.[1]



11. The Plaintiff observed numerous civilian shoppers going in and out of the immediate vicinity of the officer, and so he moved closer to get out of the sun.

---

[1] Note: The entire incident is available on YouTube.



12.     Disney grew frustrated and enraged when the Plaintiff began to legally record the police encounter on his cellphone, even though at no point was the Plaintiff any closer than thirteen (13) feet to Disney.



13.     Disney then unlawfully ordered the Plaintiff to move farther away, out in the sun, despite civilian shoppers coming closer to the immediate vicinity of the officer than the Plaintiff.



14.     Subsequently, Disney falsely arrested the Plaintiff for resisting arrest without violence (obstruction), § 843.02, Fla. Stat., without any probable cause, without an arrest warrant, and without any lawful basis.

15.     Specifically, it is well established under Florida law that a person is not guilty of § 843.02 just by reason of recording a public police interaction. *See, ex., Ford v. City of Boynton Beach*, --- So.3d ----, 2021 WL 3376966, at *9 (Fla. 4th DCA Aug. 4, 2021), Warner, J., concurring specially ("the law regarding obstruction without violence was well established at the time of appellant's arrest. The officers

did not have probable cause to arrest appellant for obstruction.").

16. The Eleventh Circuit has indeed recognized an affirmative First Amendment right to videotape police activity in public. Smith v. City of Cumming, 212 F. 3d 1332, 1333 (11th Cir. 2000); Bowers v. Superintendent Miami S. Beach Police Dep't, 557 F. App'x 857, 863 (11th Cir. 2014); Toole v. City of Atlanta, 798 F. App'x 381, 387 (11th Cir. 2019); *see also*, Bellay v. Shue, 8:19-CV-206-T-02-JSS, 2020 WL 5254258, at *8 (M.D. Fla. Sept. 3, 2020) ("Because this First Amendment right is set forth by the Eleventh Circuit, it is well-established.").

17. While a request that a person move can be a reasonable part of the job as a law enforcement officer, the officer has no legal duty to insist on compliance or to arrest the person where there are no other circumstances warranting the request.[2]

18. Furthermore, if a law enforcement officer is not engaged in executing process on a person, is not legally detaining that person, or has not asked the person for assistance with an ongoing emergency that presents a serious threat of imminent harm to person or property, the person's words alone can rarely, if ever, rise to the level of an obstruction. D.G. v. State, 661 So.2d 75, 76 (Fla. 2d DCA 1995).

19. Additionally, it is well settled law that if an arrest is not lawful, then a defendant cannot be guilty of resisting it.

20. Additionally, Disney confiscated the Plaintiff's cell phone and

---

[2] *See, ex.,* C.W. v. State, 76 So. 3d 1093, 1095–96 (Fla. 3d DCA 2011).

subsequently tried to keep it for himself.[3]

21.   On February 19, 2020, a criminal complaint was filed against the Plaintiff in Pinellas County case number 20-02409-MM (hereinafter, the "Criminal Case"). *See*, Complaint, attached hereto as **Exhibit "A"**.

22.   On March 18, 2020, a "no information" was filed in the Criminal Case, stating that:

> The State Attorney, having conducted an investigation in this matter, concludes that the facts and circumstances revealed do not warrant prosecution at this time.

*See*, No Information, attached hereto as **Exhibit "B"**.

**COUNT I:**
**Florida State Common Law - False Arrest**
**(Disney, City of Largo)**

23.   The Plaintiff adopts and re-alleges paragraphs 1-22 as though fully set forth herein.

24.   The essential elements of a cause of action for false imprisonment include: (1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or color of authority; and (4) which is unreasonable and unwarranted under the circumstances.

25.   Actual malice or bad motive is not an element essential to sustain an

---

[3] Note: This is known because Disney never placed the cell phone into the jail property department or evidence, and rather, had taken it to his private residence, only relinquishing it to the Plaintiff at a later time while off duty.

action for false arrest or imprisonment.

26. On or about February 18, 2020, Defendants Disney and City of Largo, acting through its police officers in the scope of their duties with the Largo Police Department, arrested the Plaintiff without legal justification, without a warrant for his arrest, and against the Plaintiff's will.

27. As a result of that arrest, the Plaintiff suffered damages including past, present and future physical and emotional distress and trauma, embarrassment, humiliation, shame, legal fees and costs, and damage to his good name and reputation which exist to this and will continue in the future.

**WHEREFORE**, Plaintiff FINTAN VARGAS demands judgment against Defendants DISNEY and CITY OF LARGO for compensatory damages, costs, legal fees, and any other relief the Court deems just and proper.

## COUNT II:
## VIOLATION OF FIRST AMENDMENT RIGHTS - 42 U.S.C. § 1983
### (Disney, City of Largo)

28. The Plaintiff adopts and re-alleges paragraphs 1-22 as though fully set forth herein.

29. The Plaintiff has a First Amendment right to videotape public officials performing duties in public spaces and a right to record matters of public interest, including his interaction with police.

30. At all times relevant to this Complaint, the City of Largo had adopted

Fla. Stat. §§ 842.02 and 934.03 as its own law. *See,* Code of Ordinances City of Largo, FL, Sec. 15-1 ("State Misdemeanors Adopted"), Feb. 16, 2010.

31. Defendants Disney and City of Largo violated the Plaintiff's First Amendment rights when they arrested him for engaging in activity protected by the First Amendment, for which 42 U.S.C § 1983 provides a remedy.

**WHEREFORE**, Plaintiff FINTAN VARGAS demands judgment against Defendants DISNEY and CITY OF LARGO for compensatory damages, costs, legal fees, and any other relief the Court deems just and proper.

### COUNT III:
### VIOLATION OF FOURTH AMENDMENT RIGHTS - 42 U.S.C. § 1983
**(Disney, City of Largo)**

32. The Plaintiff adopts and re-alleges paragraphs 1-22 as though fully set forth herein.

33. At all times relevant to this Complaint, the City of Largo had adopted Fla. Stat. §§ 842.02 and 934.03 as its own law. *See,* Code of Ordinances City of Largo, FL, Sec. 15-1 ("State Misdemeanors Adopted"), Feb. 16, 2010.

34. Defendants Disney and City of Largo violated the Plaintiff's First Amendment rights when they arrested him, because an arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment, for which 42 U.S.C § 1983 provides a remedy.

**WHEREFORE**, Plaintiff FINTAN VARGAS demands judgment against Defendants DISNEY and CITY OF LARGO for compensatory damages, costs, legal fees, and any other relief the Court deems just and proper.

### COUNT IV:
### Florida State Common Law – Negligent Hiring or Retention
### (City of Largo)

35. The Plaintiff adopts and re-alleges paragraphs 1-22 as though fully set forth herein.

36. The City of Largo was required to make an appropriate investigation of Disney and failed to do so.

37. An appropriate investigation would have revealed Disney's unsuitability for the particular duty of being a law enforcement officer, given that he does not or did not understand basic elements of Florida law.

38. It was unreasonable to hire Disney, because a law enforcement officer cannot properly enforce the law where he is not suitably educated as to the laws that he is charged with enforcing.

39. On or about February 18, 2020, Defendant Disney arrested the Plaintiff without legal justification, and without a warrant for his arrest, in violation of Florida law.

40. As a result of that arrest, the Plaintiff suffered damages including past, present and future physical and emotional distress and trauma, embarrassment,

humiliation, shame, legal fees and costs, and damage to his good name and reputation which exist to this and will continue in the future.

**WHEREFORE**, Plaintiff FINTAN VARGAS demands judgment against Defendant CITY OF LARGO for compensatory damages, costs, legal fees, and any other relief the Court deems just and proper.

### COUNT V:
### Florida State Common Law – Conversion
### (Disney)

41. The Plaintiff adopts and re-alleges paragraphs 1-22 as though fully set forth herein.

42. The Plaintiff had the right to possession of his cell phone.

43. Disney took the Plaintiff's cell phone during the unlawful arrest of the Plaintiff.

44. The Plaintiff requested the return of his cell phone, and Disney refused.

45. Disney transported the Plaintiff's cell phone to his personal residence, where it remained following the end of his shift as a law enforcement officer.

46. Disney never entered the Plaintiff's cell phone into official evidence or jail property records or custody, and at all times following the arrest, the Plaintiff's cell phone was in Disney's personal, unofficial possession, dominion, and control.

47. Disney had no right to personal possession of the Plaintiff's cell phone at his personal residence, even *had* the arrest been lawful.

48.  As a result of the conversion of the Plaintiff's cell phone, the Plaintiff suffered damages including the loss of the use of the cell phone, and the time wasted in procuring the cell phone's return, and legal fees and costs.

**WHEREFORE**, Plaintiff FINTAN VARGAS demands judgment against Defendant CITY OF LARGO for compensatory damages, costs, legal fees, and any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues triable by jury.

Dated: 07 APR 2022                    Respectfully Submitted,

_____
ROOK ELIZABETH RINGER, ESQ.
Florida Bar No. 1015698
LENTO LAW GROUP, P.A.
222 San Marco Ave., Ste. C
St. Augustine, FL 32084
904.602.9400 (Office)
904.299.5400 (Fax)
reringer@lentolawgroup.com
*Attorney for Plaintiff*