UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| FINTAN VARGAS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LARGO, FLORIDA, a Florida municipal corporation, and OFFICER THOMAS DISNEY (#507), in his individual capacity,<br><br>Defendants. | Case No.:<br>8:22-cv-00849-JSM-CPT |

# PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL, REINSTATE THE LAWSUIT, AND ACCEPT THE ENTRY OF APPEARANCE OF CARL D. BERRY, ESQUIRE

Plaintiff, FINTAN VARGAS, by and through his counsel, CARL D. BERRY, ESQUIRE (of Lento Law Group, and Lawrence A. Katz, Esquire, who will be filing a Motion for *Pro Hoc Vice* admission), moves this Honorable Court to (a) vacate the Court's dismissal order dated June 13, 2023; (b) reinstated this lawsuit; and (c) accepting the entry of appearance of Carl D. Berry, Esquire. In support of this Motion, the following is stated:

1. This lawsuit involves a civil rights action arising from an incident on February 18, 2020, when Plaintiff was falsely arrested for filming a police officer.

2. On April 8, 2022, a Complaint was filed on behalf of Mr. Vargas.

3. It was filed by Rook Elizabeth Ringer, Esquire.

4. On August 4, 2022, the Court granted a motion filed by Ms. Ringer to withdraw as counsel.

5. On August 25, 2022, Nichelle Lynn Womble, Esquire, entered her appearance as counsel for Mr. Vargas.

6. On April 6, 2023, the Court entered a Case Management And Scheduling Order.

7. On May 1, 2023, Ms. Womble filed a motion to withdraw as counsel.

8. This Motion was granted by the Court on May 1, 2023, entering the following Order:

> ORDER: The Motion to Withdraw as Counsel (Dkt. 51) is GRANTED. Attorney Nichelle Lynn Womble is relieved as counsel of record for Plaintiff Fintan Vargas. This case is stayed for a period of thirty (30) days to allow The Lento Law Group to find adequate local counsel to assist with this matter or for Plaintiff to find adequate counsel to continue representation. New counsel from The Lento Law Group or another law firm shall file a notice of appearance within thirty (30) days of this Order. If Plaintiff does not retain counsel, he must file a notice within thirty (30) days of this Order informing the Court that he wishes to proceed pro se. If Plaintiff proceeds pro se, he must provide the Court with his mailing address. Failure to do so may result in this matter being dismissed for failure to prosecute the case. Attorney Nichelle Lynn Womble shall provide a copy of this Order to Plaintiff within five days. Signed by Judge James S. Moody, Jr. on 5/1/2023. (SMB) (Entered: 05/01/2023)

9. Ms. Womble abruptly resigned from the Lento Law Group almost simultaneously with withdrawing as Plaintiff's counsel.

10. Based upon information and belief, Ms. Womble never provided as copy of this Order to the Plaintiff. More significantly, Ms. Womble failed to advise the Lento Law Firm, her employer, of the requirements of the Court's May 1, 2023 Order.

11. Between the circumstances of Ms. Womble's departure from the Lento firm, and a change in administrative staff responsible for monitoring cases where counsel resign from the firm, the firm was unaware of the Court's May 1, 2023 Order.

12. This lack of information resulted in the inadvertent non-compliance with the Court's May 1, 2023 Order.

13. Therefore, on June 13, 2023, the Court entered an Order of dismissal *without* prejudice. It read: "ORDER OF DISMISSAL: This cause is dismissed without prejudice as to all Defendants. All pending motions are denied as moot. The Clerk is directed to close this case. Signed by Judge James S. Moody, Jr. on 6/13/2023. (SMB) (Entered: 06/13/2023)."

14. On August 25, 2023, Christina Abraham, Esquire, entered her appearance on behalf of the Plaintiff.

15. Unfortunately, Ms. Abraham also resigned from the Lento Law Group.

16. Before resigning, she obviously took no action to have the June 13, 2023 Order vacated and other remedial actions taken.

17. Carl D. Berry, Esquire, who recently joined the Lento Law Group, was assigned this lawsuit.

18. When Mr. Berry reviewed the file and docket, he recognized that the case had been dismissed without prejudice and that prior counsel had not taken any steps to have the dismissal vacated, the case reinstated, and the litigation moved forward.

19. Vacating the Court's June 13, 2023 dismissal order will have minimal prejudice on the defendants. The original complaint was filed within the statute of limitation; the issues have been refined by Rule 12 motions and complaint amendments. The defendants have long had clear notification of the claims and legal theories against them.

20. Vacating the Court's June 13, 2023 dismissal order will have minimal negative impact on this Honorable Court and its docket.

21. In contrast, preventing Plaintiff from reinstating and moving forward with his lawsuit imposes a catastrophic penalty on him by eliminating a forum for him to redress the alleged denial of his constitutional rights.

22. Preventing the Plaintiff from reinstating his lawsuit and denying him recovery is also prejudicial to the public. Assuming Plaintiff's allegations are truthful and accurate, by denying Plaintiff a forum to redress the violation of his constitutional rights, the defendants will not be discouraged from violating the rights of other citizens.

23. The Eleventh Circuit Court of Appeals recognizes a "strong preference for deciding a case on the merits." *Olufemi v. Exclusive Ass'n Mgmt.*, No. 23-10752, 2024 U.S. App. LEXIS 3985, at *5 (11th Cir. February 21, 2024).

24. Pursuant to Local Rule 3.01(g), the undersigned certifies that he conferred with opposing counsel on March 21, 2024, via e-mail, and opposing counsel is opposed to this Motion.

WHEREFORE, Plaintiff respectfully moves this Honorable Court to (a) vacate the Court's dismissal order dated June 13, 2023; (b) reinstate this lawsuit; and (c) accept the entry of appearance of Carl D. Berry, Esquire.

Dated: March 20, 2024
    Fort Lauderdale, Florida

    Respectfully submitted,

**s/ Carl D. Berry**
Carl D. Berry (Florida Bar No. 0081132)
Attorney E-mail address:
cdberry@lentolawgroup.com
**Lento Law Group P.C.**
**300 Southeast 2nd Street, Suite 600**
**Fort Lauderdale, FL 33301**
**(T): (856) 652-2000**
**(F): (856) 375-1010**
Attorneys for FINTAN VARGAS

# CERTIFICATE OF SERVICE

       I hereby certify that on April 5, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       /S/ _____
       Carl D. Berry

## SERVICE LIST

| | |
|---|---|
| Elizabeth Wilson Neiberger | Jamie Alexandra Kilpatrick |
| Bryant Miller Olive, PA | Bryant Miller Olive, P.A. |
| Suite 2200 | One Tampa City Center |
| 1 SE 3rd Ave | Suite 2700 |
| Miami, FL 33131 | Tampa, FL 33602 |
| (305) 374-7349 | 813-273-6677 |
| Fax: (305) 374-0895 | Fax: 813-223-2705 |
| Email: eneiberger@bmolaw.com | Email: jkilpatrick@bmolaw.com |